CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2007

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bugg
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:04cr00109 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HENRY ALLEN STANLEY | ) | By: Samuel G. Wilson, |
| | ) | United States District Judge |

This matter is before the court on the motion of defendant, Henry Allen Stanley, to compel specific performance of his plea agreement. Stanley maintains that he has rendered substantial assistance and that his plea agreement obligates the government to file a substantial assistance motion. However, the court finds that under Stanley's plea agreement the government's decision not to file a substantial assistance motion is prescribed only by the requirement that the government act in good faith and not based on improper motivation. Because Stanley has failed to make a sufficient threshold showing calling the government's decision into question, the court denies Stanley's motion.

### I.

A grand jury indicted Stanley for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c). Pursuant to a written plea agreement, Stanley pled guilty to the conspiracy charge. Ultimately, the court sentenced him to 210 months incarceration.

Stanley's plea agreement provided that Stanley would have the opportunity to provide substantial assistance in an effort to earn a substantial assistance motion, but that "the determination

as to whether or not [his] efforts constitute 'substantial assistance' [would] be *solely* within the discretion of the United States Attorney's Office." (emphasis added). Stanley also acknowledged that he understood and agreed that "his plea agreement [was] not contingent in any way on the United States making a substantial assistance motion" and that " . . . no one [had] promised [him] that such a substantial assistance motion [would] be made on [his] behalf."[1]

In his instant motion, Stanley argues that he provided the government with substantial assistance, but the prosecutor has not made a substantial assistance motion "as promised." In response, the prosecutor, Assistant U.S. Attorney Andrew Bassford, contends that Stanley has failed to provide substantial assistance on the cases he claims to have aided, that the information Stanley provided was "neither actionable nor corroborated," and that "the United States did not rely on any information provided by Stanley in the investigation or prosecution of any other individual." Bassford concluded that Stanley "did not provide, and has not provided, substantial assistance to the United States." Stanley has replied that the information he provided was, in fact, used to convict other individuals.

---

[1] Stanley also agreed not to collaterally attack his plea and sentence. Stanley apparently believes, however, that only the government has obligations under his plea agreement, because he nevertheless filed a frivolous 28 U.S.C. § 2255 motion claiming that his guilty plea was involuntary because it was based on faulty legal advice, and that the court enhanced his sentence in violation of United States v. Booker, 543 U.S. 220 (2005). See Stanley v. United States, Civil Action No. 7:06cv00240 (W.D. Va. Nov. 28, 2006). The court found that Stanley's guilty plea was voluntary, that he waived his right to collaterally attack his plea and sentence, and that his claims lacked merit. Accordingly, the court denied Stanley's § 2255 motion. Stanley appealed the denial of his motion and the Fourth Circuit Court of Appeals declined to issue a certificate of appealability, finding that Stanley had not made a "substantial showing of the denial of a constitutional right." United States v. Stanley, No. 06-859 (4th Cir. July 12, 2007).

2

## II.

In limited circumstances, a federal district court has the authority to review a prosecutor's decision not to file a Rule 35(b) motion. The court has authority to review a prosecutor's decision where: (1) the prosecutor's discretion to file has been superseded by an agreement to file a Rule 35(b) motion; or (2) the prosecutor's refusal to file "was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-186 (1992). See United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000). An unconstitutional motive would be, for example, one based on an impermissible factor such as race or religion, or a motive not rationally related to a legitimate government end. Wade, 504 U.S. at 186; United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). To trigger the court's review of a prosecutor's decision, however, the defendant must do more than claim he provided assistance or allege that the United States acted in bad faith. He must make a "substantial threshold showing" of one of the qualifying circumstances. Id. Stanley has not made that requisite showing.

Stanley's plea agreement obligated the government to move for substantial assistance only if, in its *sole* discretion, it concluded that he had rendered substantial assistance and Stanley has not made a substantial threshold showing to trigger further inquiry into the prosecutor's motivation. Nor is there any fact in the record that would call into question the prosecutor's decision. Although Stanley does claim that the prosecutor acted intentionally, arbitrarily, and "in bad faith," the court finds that he has not made the requisite showing that Bassford's motive for not filing a Rule 35(b) motion was "improper or otherwise not rationally related to a legitimate government end." Accordingly, the court has no authority in this case to review the prosecutor's decision not to file a Rule 35(b) motion.

3

## III.

For the reasons stated above the court denies Stanley's motion to compel specific performance of his plea agreement.

**ENTER**: This October 18, 2007.

_____
UNITED STATES DISTRICT JUDGE

4